UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WISCONSIN

---

Michael Koziara,                              Court File No. 13-cv-834

        Plaintiff,

v.                                             **COMPLAINT**
                                             **(JURY TRIAL DEMANDED)**

BNSF Railway Company

        Defendant.

---

Plaintiff Michael Koziara (hereinafter "Plaintiff") by and through his attorneys, Nichols Kaster, PLLP, brings this action for damages and other legal and equitable relief, stating the following as his claims against Defendant BNSF Railway Company (hereinafter "Defendant" or "BNSF"):

### NATURE OF ACTION

1. This is an action by Plaintiff for retaliation and discrimination, including termination, based on Plaintiff having suffered and reported a personal injury while working for Defendant. Plaintiff brings this claim under the Federal Railroad Safety Act ("FRSA"), 49 U.S.C. §20109 (2008).

### PARTIES

2. Plaintiff is an individual who resides in Holman, Wisconsin. At all relevant times, he was employed as a track worker and foreman for BNSF, and before his termination had been employed by BNSF since 1978. At all relevant times, Plaintiff was a member of the Brotherhood of Maintenance of Way Employees Division ("BMWED"), a national labor organization representing rail workers who build and maintain track and structures throughout the United States.

1

3. Defendant is a foreign corporation with its headquarters at 2650 Lou Menk Drive in Fort Worth, Texas. Defendant is a railroad carrier as defined by 29 C.F.R. § 1982.101(k), and engaged in the operation of a system of railways as a common public carrier of freight for hire between the various states of the United States, and engaged in interstate commerce by railroad.

## JURISDICTION AND VENUE

4. Plaintiff's claims arise under the Federal Railroad Safety Act ("FRSA"), 49 U.S.C. §20109 (2008). This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1331.

5. Venue is proper in this district pursuant to 28 U.S.C. § 1391. Plaintiff's claims arose in the Western District of Wisconsin, and many of the acts complained of occurred in this judicial district and gave rise to the claims alleged. Moreover, BNSF operates trains in the transportation of freight in and between the state of Wisconsin, and at all relevant times engaged in business and maintained facilities in the Western District of Wisconsin.

## FACTUAL ALLEGATIONS

6. On Thursday, September 9, 2010, Plaintiff was working as the foreman of a gang removing crossing planks at East Winona, Wisconsin. In removing the planks, as commonly occurs, some of the lags securing the planks were stuck. To complete the task, the lags had to be freed.

7. Because of the position of the lags, they could not be cut out. Additionally, the hydraulic gun (commonly used for such an effort) had malfunctioned and was useless at the time. Plaintiff determined the best course of action would be to

use a front-end loader to pop the planks up with the belief that the lags would break free. The practice of using a front-end loader for such an effort is very common and is within the rules of BNSF.

  8. Plaintiff instructed the operator of the front-end loader, Greg Zielke, to position the tongs of his machine under the planks and apply pressure to break them free.

  9. Plaintiff observed the process from a safe distance and, upon seeing the lag come out of the plank and the plank pop up, walked toward the track to begin the next phase of the job. Unbeknownst to Plaintiff, the tongs of the front-end loader were still pressurized against the planks and the lags were not free. As Plaintiff walked toward the track, the pressure from the tongs finally caused the lags to break free and the plank unexpectedly shot forward more than four feet and struck Plaintiff in the lower leg.

  10. Initially, Plaintiff didn't believe he was injured beyond some bruising and an abrasion. Plaintiff spoke with supervisor Don Jones about whether to report what he believed at the time was a bruise. Jones told Plaintiff that "it's either an injury or it's not" and that Plaintiff had seventy-two hours to report.

  11. Though he had some swelling, Plaintiff worked the remainder of the day and the next day and didn't believe the injury was serious. Over the weekend the swelling subsided, and though his leg hurt, Plaintiff didn't believe it was serious.

  12. On September 13, 2010, Plaintiff had a previously scheduled doctor's appointment for a personal medical issue. During the visit, a nurse examined Plaintiff's leg and took an x-ray, which revealed a tibial fracture.

13. After learning of the fracture, Plaintiff followed BNSF policy and attempted to notify his direct supervisor Michael Veitz. Veitz was unavailable that day and Plaintiff ultimately spoke to him and reported the injury on September 14, 2010.

14. On September 16, 2010, BNSF charged Plaintiff with allegations of "failure to be Alert and Attentive" and "Carelessness."

15. On September 23, 2010, BNSF conducted an on-property investigation. Zielke, Veitz, and Plaintiff were interviewed. Unlike Zielke and Veitz, Plaintiff was questioned at length about the incident, and was given the distinct impression by BNSF hearing officer Michael Heille that he didn't believe Plaintiff was being truthful, and that Heille's mind was already made up about how the injury occurred.

16. On October 18, 2010, BNSF assessed Plaintiff a Level S, 30 Day Record Suspension.

17. After the Investigation of September 23, 2010, but before discipline was imposed on October 18, 2010, BNSF conjured a charge of theft against Plaintiff, claiming that Plaintiff had "stolen" scrap rail ties for personal gain.

18. Scrap rail ties are routinely given away by BNSF to employees and members of the general public for various uses. These ties are essentially worthless to the railroad and actually cost the railroad money if they are removed through other means.

19. On August 30, 2010, Plaintiff arranged to have twenty scrap ties loaded onto two trailers for a local farmer who had requested ties for use on his property.

4

Plaintiff received permission from Veitz in advance. Plaintiff did not receive any financial or other gain for facilitating the removal of scrap ties from BNSF property.

20. Nonetheless, Defendant initiated a second Investigation on or about September 22, 2010 – one day before the first Investigation regarding Plaintiff's personal injury. Defendant started such investigation with the wrong date of the alleged incident, believing Plaintiff arranged for the removal of ties on September 2 or 3, 2010, not August 30, 2010.

21. On October 18, 2010, BNSF conducted the second on-property Investigation. Zielke, Veitz, and Plaintiff were interviewed. Veitz repeatedly denied giving permission to Plaintiff for twenty ties. In the face of statements from other BNSF employees indicating that Veitz had approved their taking ties, Veitz maintained his denial of ever giving such permission.

22. On November 18, 2010, Defendant dismissed Plaintiff from employment, ending his thirty-plus year career as an employee of BNSF.

23. On or about April 15, 2011, Plaintiff filed a complaint with the United States Department of Labor (DOL), OSHA Region 5, for relief under the Federal Rail Safety Act.

24. On or about November 4, 2013, Plaintiff filed with the DOL a Notice of Intention to File Original Action in United States District Court.

## CAUSE OF ACTION

### VIOLATION OF 49 U.S.C. § 20109

25. Plaintiff incorporates the foregoing paragraphs of his Complaint by reference.

26. The Federal Railroad Safety Act, 49 U.S.C. § 20109 provides in relevant part, that a railroad carrier "may not discharge, demote, suspend, reprimand, or in any other way discriminate against an employee if such discrimination is due, in whole or in part, to the lawful, good faith act done, or perceived by the employer to have been done or about to be done…to notify…the railroad carrier…of a work-related personal injury…of an employee."

27. Plaintiff engaged in protected activity when he reported a work-related injury to Defendant.

28. Defendant knew of Plaintiff's injury report as he notified BNSF supervisor Don Jones on the day it occurred, and notified Veitz on or about September 14, 2010 that his leg was fractured as a result of the September 9, 2010 incident.

29. Defendant took adverse action against Plaintiff on September 16, 2010 when it charged him with misconduct stemming from the September 9th injury and Plaintiff's subsequent reports. Defendant took adverse action against Plaintiff on October 18, 2010, when it assessed Plaintiff a Level S, 30 Day Record Suspension. Defendant took adverse action against Plaintiff in charging him with, among other things, theft on October 5, 2010. Defendant took adverse action against Plaintiff on November 9, 2010 when it terminated Plaintiff's employment.

30. All of the adverse actions described herein were instituted by Defendant against Plaintiff shortly after, and as a result of, Plaintiff's injury report. Plaintiff's report was a contributing factor in Defendant's decision to discipline, and ultimately terminate, Plaintiff. As a result of Defendant's conduct, Plaintiff is entitled to all damages under 49 U.S.C. § 20109, including reinstatement, back pay with interest,

compensatory damages, and punitive damages. Plaintiff is also entitled to attorneys' fees and costs incurred in connection with this claim.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff Michael Koziara prays for judgment against Defendant BNSF Railway Company as follows:

1. That the practices of Defendant complained of herein be determined and adjudged to constitute discrimination in direct violation of the FRSA, 49 U.S.C. § 20109;

2. For an award of damages arising from loss of past and future income, and other damages, all in an amount in excess of $75,000.00;

3. For an award of damages for mental anguish and emotional distress in an amount in excess of $75,000.00;

4. For Plaintiff's costs (including litigation and expert costs), disbursements and attorneys' fees pursuant to law;

5. For all relief available under the FRSA, 49 U.S.C. § 20109, including punitive damages;

6. For such other and further relief available by statute;

7. For such other and further relief as the Court deems just and equitable.

Dated: December 4, 2013              **NICHOLS KASTER, PLLP**

*s/Matthew H. Morgan*
Matthew H. Morgan (MN #304657)
morgan@nka.com
80 South Eighth Street
4600 IDS Center
Minneapolis, Minnesota 55402-2242
Telephone: (612) 256-3200
Fax: (612) 338-4878

**INGEBRITSON & ASSOCIATES**

Russell A. Ingebritson (MN#48860)
80 South Eighth Street

        2030 IDS Center
        Minneapolis, Minnesota 55402-2242
        Telephone:  (612) 340-8290
        Fax:  (612) 342-2990