# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| Michael Koziara,<br><br>　　　　　　　　　　　　Plaintiff,<br><br>v.<br><br>BNSF Railway Co.,<br><br>　　　　　　　　　　　　Defendant. | Case No. 13-cv-834-jdp<br><br>**PLAINTIFF'S PROPOSED JURY INSTRUCTIONS** |

Plaintiff Michael Koziara respectfully submits the following Proposed Jury Instructions:

1

**PLAINTIFF'S PROPOSED INSTRUCTION NO. 1**

**CLAIMS AND BASIC LEGAL ELEMENTS OF CLAIMS AND DEFENSES[1]**

This case involves the Federal Railroad Safety Act, a law that prohibits railroads from retaliating against employees for reporting work-related injuries. Plaintiff Michael Koziara alleges that Defendant BNSF Railway Co. suspended and then terminated him because he reported a work-related injury. Defendant BNSF Railway Co. claims that Plaintiff Michael Koziara's injury was unrelated to work and that it would have suspended and then terminated Koziara regardless of whether his injury was work-related.

---

[1] Opinion and Order (Dkt. 73)

**PLAINTIFF'S PROPOSED INSTRUCTION NO. 2**

**<u>STIPULATIONS</u>**[2]

The parties may stipulate, or agree, to certain facts. You must treat these facts as having been proved for the purpose of this case.

---

[2] Federal Civil Jury Instructions of the Seventh Circuit, Model Instruction 2.05

# PLAINTIFF'S PROPOSED INSTRUCTION NO. 3

## JUDICIAL NOTCE OF THE RAILROAD INDUSTRY'S RETALIATORY HISTORY[3]

The Court has taken judicial notice of the following:

> The rail industry has a long history of underreporting incidents and accidents in compliance with Federal regulations. The underreporting of railroad employee injuries has long been a particular problem, and railroad labor organizations have frequently complained that harassment of employees who reported injuries is a common railroad management practice.

> The legislative history of the FRSA reflects that the changes were intended to 'enhance the oversight measures that improve transparency and accountability of the railroad carriers' and that the intent of this provision of the FRSA is to ensure that employees can report their concerns without the fear of possible retaliation or discrimination from employers.

You must treat these facts as having been proved for the purpose of this case.

---

[3] Plaintiff's Motion in Limine for the Court to Take Judicial Notice of the FRSA's Legislative History Regarding the Railroad Industry's History of Retaliation (Dkt. 98) (quoting <u>Araujo v. New Jersey Transit Rail Operations, Inc.</u>, 708 F.3d 152, 159, 156 n. 3 (3d Cir. 2013) (quoting <u>Impact of Railroad Injury, Accident, and Discipline Policies on the Safety of America's Railroads</u>: Hearings Before the H. Comm. on Transportation and Infrastructure, 110th Cong. (Oct. 22, 2007); H.R. Rep. No. 110–259 at 348 (2007) (Conf. Rep.), 2007 U.S.C.C.A.N. 119, 181)); 8th Cir. Civil Jury Instr. § 2.11 (2013)

# PLAINTIFF'S PROPOSED INSTRUCTION NO. 4

## JUDICIAL NOTCE OF CONGRESS'S CONCERN REGARDING RAILROADS USING INJURIES AS AN INCENTIVE COMPENSATION FACTOR[4]

The Court has taken judicial notice of the following:

> Congress was concerned that some railroad supervisors intimidated employees from reporting injuries to the FRA, in part, because their compensation depended on low numbers of FRA reportable injuries within their supervisory area.

You must treat these facts as having been proved for the purpose of this case.

---

[4] Plaintiff's Motion in Limine for the Court to Take Judicial Notice of the FRSA's Legislative History Regarding Railroads' Incentive Compensation Plans (Dkt. 110) (quoting Araujo v. New Jersey Transit Rail Operations, Inc., 708 F.3d 152, 161 n. 7 (3d Cir. 2013) (citing Impact of Railroad Injury, Accident, and Discipline Policies on the Safety of America's Railroads: Hearings Before the H. Comm. on Transportation and Infrastructure, 110th Cong. (Oct. 22, 2007)))

**PLAINTIFF'S PROPOSED INSTRUCTION NO. 5**

**DEMONSTRATIVE SUMMARIES**[5]

      Certain <u>charts and summaries</u> have been shown to you. Those <u>charts and summaries</u> are used for convenience to help explain the facts of the case. They are not themselves evidence or proof of any facts. <u>If they do not correctly reflect the facts shown by the evidence in the case, you should disregard these charts and summaries and determine the facts from the evidence.</u>

---

[5] Federal Civil Jury Instructions of the Seventh Circuit, Model Instruction 1.24

# PLAINTIFF'S PROPOSED INSTRUCTION NO. 6

# LIABILITY[6]

The plaintiff claims the defendant violated the Federal Railroad Safety Act ("FRSA"), the purpose of which is "to promote safety in every area of railroad operations." The FRSA gives protection to railroad workers who engage in certain "protected activity." An employee engages in "protected activity" under the FRSA when he or she notifies the railroad of a work–related personal injury. The FRSA states that "[a] railroad carrier engaged in interstate commerce or an officer or employee of such a railroad carrier may not discharge, demote, suspend, reprimand, or in any other way discriminate against an employee if such discrimination is due, in whole or in part, to the employee's lawful good faith act."

To prove that the defendant violated the FRSA, the plaintiff must prove by a preponderance of the evidence the following four elements:

1) he engaged in some activity protected by the FRSA;

2) the defendant knew or suspected the plaintiff engaged in the protected activity;

3) the defendant subjected the plaintiff to an unfavorable personnel decision; and

4) the plaintiff's protected activity was a contributing factor to one or more unfavorable personnel decisions.

If the plaintiff proves these four elements, the defendant can avoid liability only if it proves by clear and convincing evidence that it would have taken the same unfavorable personnel action in the absence of the plaintiff's protected activity.

In this case, the Court has found as a matter of law that Defendant BNSF Railway Co. knew Plaintiff Michael Koziara reported an injury, that BNSF subjected Mr. Koziara to an unfavorable personnel decision, and that Mr. Koziara's injury report was a contributing factor to

---
[6] Opinion and Order (Dkt. 73)

one or more personnel decisions. Thus, BNSF has violated the FRSA if Mr. Koziara showed by a preponderance of the evidence that he reasonably believed his injury was work-related at the time he reported it to BNSF and BNSF did not show by clear and convincing evidence that it would have suspended and terminated Mr. Koziara absent his injury report.

**PLAINTIFF'S PROPOSED INSTRUCTION NO. 7**

**MODIFICATION TO BURDEN OF PROOF**[7]

When a party has the burden to prove any matter by a preponderance of the evidence, it means that you must be persuaded by the testimony and exhibits that the matter sought to be proved is more probably true than not true. When a party has the burden to prove any matter by clear and convincing evidence, it has a higher burden: Clear and convincing evidence is evidence that demonstrates an abiding conviction that the truth of the factual contentions is highly probable. You should base your decision on all of the evidence, regardless of which party presented it.

---

[7] Court's Standard Jury Instructions (Dkt. 77) at 20; United States v. Meschino, No. 10-cr- 588-1, 2010 WL 2836359, at *9 (N.D. Ill. July 19, 2010) (citing Colorado v. New Mexico, 467 U.S. 310, 316 (1984); United States v. Boos, 329 F.3d 907, 911 (7th Cir.2003))

## PLAINTIFF'S PROPOSED INSTRUCTION NO. 8

### **GOOD FAITH**[8]

Koziara reported his work related injury in "good faith" if he subjectively believed his reported injury was work-related at the time he reported it to BNSF and such belief was objectively reasonable.

---
[8] Opinion and Order (Dkt. 73) at 11

## PLAINTIFF'S PROPOSED INSTRUCTION NO. 9

## COMPENSATORY DAMAGES[9]

If you find in favor of Mr. Koziara, you must award compensatory damages for any injuries that the plaintiff has proved by a preponderance of the evidence were caused by the defendant's wrongful conduct. Mr. Koziara's claim for damages includes two distinct types of damages, and you must consider them separately.

First, if you find in favor of Mr. Koziara regarding his termination, you must determine the amount of any wages and fringe benefits Mr. Koziara would have earned in his employment with BNSF Railway Co. from the date Mr. Koziara could have returned to work from his injury to the date Mr. Koziara intended to retire.

Second, if you find in favor of Mr. Koziara regarding his suspension and/or termination, you must award the plaintiff damages for the mental or emotional pain and suffering that he has experienced and is reasonably certain to experience in the future. No expert medical testimony or evidence of the dollar value of mental or emotional pain and suffering has been or needs to be introduced. There is no exact standard for setting the damages to be awarded on account of pain and suffering. You are to determine an amount that will fairly compensate the plaintiff for the injury he has sustained. It is up to you to apply your common sense knowledge of human affairs to the facts as you find them proved.

Your award must be based on evidence and not speculation or guesswork. This does not mean, however, that compensatory damages are restricted to the actual loss of money; they

---

[9] 49 U.S.C. § 20109 (e); <u>Barati v. Metro North Railroad Co.</u>, Civil No. 3:11cv768 (JBA) (D. Conn. March 22, 2012) (final jury instructions in FRSA trial).

include both the wages Mr. Koziara lost and the mental aspects of his injury, even if they are not easy to measure.

**PLAINTIFF'S PROPOSED INSTRUCTION NO. 10**

**MODIFICATION TO PUNITIVE DAMAGES[10]**

If you answered "yes" to Question No. 2 and/or 3, you may award punitive damages in addition to compensatory damages. You are not required to make any award of punitive damages, but you may do so if you think it is proper under the circumstances to make such an award as an example or punishment to deter the defendant and others from offending in a similar manner in the future. In deciding whether to make an award of punitive damages you may also consider the seriousness of the offense committed.

Punitive damages may be awarded even if the violation of plaintiff's rights resulted in only nominal compensatory damages. That is, even if the plaintiff can show no damages or other injury as a result of a defendant's actions, if the defendant acted with deliberate indifference to plaintiff's rights, punitive damages may be awarded.

Punitive damages are never a matter of right. It is in the jury's discretion to award or withhold them. Punitive damages may not be awarded unless the defendant acted with deliberate indifference to the plaintiff's rights. Even if you find that the violations were reckless or deliberate, you may withhold or allow punitive damages as you see fit.

If you find that a defendant's conduct was motivated by evil motive or intent, such as ill will or spite or grudge either toward the injured person individually or toward all persons such as plaintiff, then you may find that the defendant deliberately violated the plaintiff's rights.

Acts are reckless when they represent a gross departure from ordinary care in a situation where a high degree of danger is apparent. If the defendant was in a position in which he

---

[10] Court's Standard Jury Instructions (Dkt. 77) at 23; 49 U.S.C. § 20109(d)(2)(A)(i), (e)(3); Harp v. Charter Commc'ns, Inc., 558 F.3d 722, 723 (7th Cir. 2009)

certainly should have known that his conduct would violate the plaintiff's rights, and proceeded to act in disregard of that knowledge and of the harm or the risk of harm that would result to the plaintiff, then he acted with reckless disregard for the plaintiff's rights.

In answering this question, you are instructed that the burden is on the plaintiff to <u>show by a preponderance of the evidence</u> (convince you to a reasonable certainty by evidence that is clear, satisfactory, and convincing) that the answer should be "yes."

Dated: January 30, 2015

**NICHOLS KASTER, PLLP**

*s/ Nicholas D. Thompson*
James H. Kaster (WI# 1001474)
   kaster@nak.com
Matthew H. Morgan (MN #304657)
   morgan@nka.com
Nicholas D. Thompson (WI #1078903)
   nthompson@nka.com
4600 IDS Center
80 South Eighth Street
Minneapolis, Minnesota 55402-2242
Telephone: (612) 256-3200
Fax: (612) 338-4878

**ATTORNEYS FOR PLAINTIFF**