IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

MICHAEL KOZIARA,

                      Plaintiff,                    ORDER

v.

                                                    13-cv-834-jdp

BNSF RAILWAY COMPANY,

                      Defendant.

---

Defendant BNSF Railway Company has moved to stay execution of the judgment in this case pending resolution of its motions to set aside or modify that judgment. Dkt. 207. Pursuant to Federal Rule of Civil Procedure 62(b), the court may grant such a stay, on appropriate terms that would provide for plaintiff Michael Koziara's security. BNSF contends that it should not have to post a bond or other security because "there is no suggestion that Defendant will be unable to pay the judgment." *Id*. at 2. Koziara opposes a stay without security. Dkt. 209. BNSF is a very large company. But BNSF has not shown that posting security for the judgment is impossible, impractical, or unnecessary. Accordingly, the court will deny its motion for a stay of judgment without a security.

A district court has discretion to waive the requirement of a bond as security for a stay. *Houben v. Telular Corp*., 309 F.3d 1028, 1038 (7th Cir. 2002); *Dillon v. City of Chi.*, 866 F.2d 902, 904 (7th Cir. 1988). The Seventh Circuit has outlined several factors that guide the exercise of such discretion, including: (1) the complexity of the collection process; (2) the time required to obtain a judgment; (3) the degree of confidence that the court has in the defendant's availability of funds; (4) whether the defendant's ability to pay the judgment is so plain that a bond would be a waste of money; and (5) whether the defendant is in such a precarious financial situation that the requirement to post a bond would place other creditors of the

defendant in an insecure position. *Dillon*, 866 F.2d at 904-05 (discussing these factors in the context of a motion to stay pending appeal, under Rule 62(d)). The party seeking to waive the requirement of a bond bears the burden of establishing that such measures are appropriate. *See Alford v. Aaron Rents, Inc.*, No. 08-cv-0683, 2011 WL 3903825, at *1 (S.D. Ill. Sept. 6, 2011); *Endress + Hauser, Inc. v. Hawk Measurement Sys. Pty. Ltd.*, 932 F. Supp. 1147, 1149 (S.D. Ind. 1996).

BNSF has not made any effort to meet its burden. BNSF offers no affidavits, no financial statements, and no documentation of consistently paid judgments in the past. The sheer size of the company does not prove that it will necessarily be able to pay the judgment. "As the newspaper regularly reminds us, . . . even Fortune 500 companies can engage in questionable accounting practices, be forced to restate their financials and declare bankruptcy." *Sorrano v. N.Y. Life Ins. Co.*, No. 96-cv-7882, 2006 WL 1005902, at *2 (N.D. Ill. Apr. 13, 2006). The court will not accept a party's conclusory statement in a brief as sufficient evidence that the traditional requirement of security would be unreasonable, impossible, or impractical.

Accordingly, BNSF Railway Company's motion to stay enforcement of judgment, Dkt. 207, is DENIED. BNSF may renew its motion for a stay when it has provided appropriate security.

Entered April 6, 2015.

BY THE COURT:

/s/

_____
JAMES D. PETERSON
District Judge